IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANUEL ESCAMILLA,<br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§　　3:17-CV-168-O<br>§　　3:13-CR-274-O (02)<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. On April 3, 2017, the government filed a motion to dismiss the petition as barred by the statute of limitations. For the foregoing reasons, the government's motion to dismiss is GRANTED.

I.

Petitioner pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. On February 13, 2015, the Court sentenced Petitioner to 292 months of confinement. On February 24, 2015, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous. *United States v. Escamilla*, No. 14-10322 (5th Cir. Feb. 24, 2015).

On January 12, 2017, Petitioner filed the instant § 2255 petition. He argues he was improperly sentenced as a career offender under the sentencing guidelines, and he improperly received a two-level firearm enhancement.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute

of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit dismissed Petitioner's appeal on February 24, 2015. Petitioner's conviction became final ninety days later on May 25, 2015. *See* Sup. Ct. R. 13. Petitioner then had one year, or until May 25, 2016, to file his § 2255 petition. He did not file the petition until January 12, 2017. His petition is therefore untimely under § 2255(f)(1).

Petitioner relies on *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), to argue his petition is timely under § 2255(f)(3). This section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In *Mathis*, the Supreme Court outlined the process by which a district court

should determine if a defendant's prior state court conviction can be used to enhance the defendant's sentence. Here, Petitioner's prior state court convictions were not used to enhance his sentence, and he was not sentenced as a career offender. *Mathis* therefore did not apply to his sentence. Further, *Mathis* did not announce a new substantive rule that was made retroactively on collateral review. *Mathis*, 136 S.Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive petition under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). Petitioner has therefore failed to show his petition is timely under § 2255(f)(3).

**2.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not argued that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling

in this case.

III.

For the foregoing reasons, the government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

Signed this 22nd day of January, 2018.

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE